Mr. Harry A. Jones Legal Counsel, North Brevard County Hospital District 951 North Washington Avenue Titusville, Florida 32796-2194
Dear Mr. Jones:
On behalf of the North Brevard County Hospital District, you ask substantially the following questions:
1. Does section 20 of the North Brevard County Hospital District's enabling legislation restrict or prohibit an officer or employee of the district who terminates his or her employment with the district from accepting employment with the district's direct support corporation?
2. Does section 20 of the North Brevard County Hospital District's enabling legislation require the district board to approve the terms and conditions of any employment agreement adopted by the support corporation if district support is not provided to fund such employment agreement?
In sum:
1. Section 20 of the North Brevard County Hospital District's enabling legislation does not restrict or prohibit an officer or employee of the district who terminates his or her employment with the district from accepting employment with the district's direct support corporation.
2. Section 20 of the North Brevard County Hospital District's enabling legislation does not require the district board to approve the terms and conditions of any employment agreement adopted by the support corporation if district support is not provided to fund such employment agreement.
The North Brevard County Hospital District (district) was created as a special taxing district for the purpose of equipping, maintaining, and operating a hospital in Brevard County.[1] In 1991 the Legislature amended the district's enabling legislation to authorize the hospital board to establish, operate, support and fund a not-for-profit support corporation to further the purposes of the district. Section 20 was added by Chapter 91-339, Laws of Florida, to the district's enabling legislation. Subsection (1) of section 20 provides in part that the North Brevard County Hospital District Board is authorized and empowered:
To the extent permitted by the Constitution and laws of this state, to establish, operate, and support a not-for-profit support corporation to assist the hospital board in fulfilling its declared public purpose of provision for the healthcare needs of the people of the hospital district and the financial stability and well-being of Parrish Medical Center through physician recruitment, patient acquisition, and the providing of medical goods and services; to accomplish such establishment, operation, or support of such not-for-profit support corporation by means of the lending of funds at reasonable rates of interest, leases of real or personal property at reasonable rental rates, grants of funds or guarantees of indebtedness of such not-for-profit support corporation.
Section 20, supra, however, imposes certain conditions on the expenditure of funds by the district for the support organization. It is these conditions that give rise to your inquiry. It should be noted that this opinion is solely limited to a consideration of section 20 of the district's enabling legislation, as amended.
Question One
According to your letter, the current chief executive officer of the Parrish Medical Center will end his employment with the district on December 21, 2000, and is interested in then serving as the executive director of the direct support corporation.
A question has been raised, however, whether the provisions of section 20(2)(g)3. and 4., of the district's enabling legislation prohibit such employment.
Section 20(2)(g)3. and 4., Chapter 28924, Laws of Florida (1953), as amended, provides:
"3. That the support corporation shall be expressly prohibited from distributing or providing any financial benefit to or for any director or officer other than reimbursement of reasonable expenses incurred except reasonable compensation for services rendered by the executive director employed by the support corporation;
4. That the support corporation shall be expressly prohibited from employing or otherwise compensating in any manner any current member of the North Brevard County Hospital District Board of Directors or any person who has been a former member of the North Brevard County Hospital District Board of Directors for a period of less than 3 years[.]"
You state that the chief executive officer of the Parrish Medical Center is an officer of the district but is not, nor has ever been, a member of the North Brevard County Hospital District Board of Directors. Accordingly, the provisions of section 20(2)(g)4.,supra, which specifically relate to the employment or compensation of a current or former district board member, would not be applicable.
Similarly, section 20(2)(g)3., Chapter 28924, Laws of Florida (1953), as amended, does not appear to prohibit the hiring of the former chief executive officer of the Parrish Medical Center as the executive director of the direct support corporation or bar such person from receiving reasonable compensation for his services from the support corporation. The section relates to compensation and prohibits the support organization from providing any financial benefit to directors or officers other than the reimbursement of reasonable expenses. A specific exception, however, exists for the executive director of the support corporation, who may receive reasonable compensation from the corporation for services rendered.
The chief executive officer of the Parrish Medical Center serves as one of the five voting members of the direct support corporation[2]. While the above provision would prevent the corporation from providing financial support to the individual serving in this capacity other than reimbursement of expenses, once the individual terminates his employment with the center he would no longer be a director of the support organization.
Accordingly, I am of the opinion that section 20 of the district's enabling legislation, as amended, does not restrict or prohibit an officer or employee of the district who terminates his or her employment with the district from accepting employment with the district's direct support corporation.
Question Two
You state that concern has been expressed that notwithstanding any prohibition to the future employment of the chief executive officer of the Parrish Medical Center, or any other person as executive director of the support corporation, the terms and conditions of such employment are subject to approval by the district board pursuant to section 20 of the district's enabling legislation. You refer specifically to section 20(2) which provides:
Notwithstanding the foregoing grant of authority and powers, the North Brevard County Hospital District Board shall expend funds to the support corporation of the North Brevard Hospital District only in accordance with the following provisions:
"(a) That the disbursement of any funds by the North Brevard County Hospital District in any form authorized by this act shall only be pursuant to a resolution specifying the healthcare related activity for which such funds are to be applied and adopted at any regular or special public meeting of the North Brevard County Hospital District Board."
You state, however, that the support corporation does not intend to request or accept funds from the hospital district to compensate the person selected as executive director, but rather will use funds derived directly from ancillary activities conducted by the support corporation.
The above statute does not grant the district board the authority to approve the terms and conditions of the expenditure by the support corporation of funds that are not provided by the district. Rather, it merely requires that the corporation in a public meeting disburse any funds received by the district pursuant to a resolution that specifies the activity for which the funds are to be expended.
Other provisions of section 20, Chapter 28924, Laws of Florida (1953), however, do place certain responsibilities on the support organization. For example, the corporation must submit to the hospital board all records "except to the extent exempt from the requirements of chapter 119, Florida Statutes, or except to the extent that any private individual or organization having contractual privity with such support corporation has prohibited disclosure in order to maintain the confidentiality of proprietary information of such private individual or organization."[3] In addition, the support corporation must submit to the hospital board and to public inspection an annual financial report certified by an independent certified public accountant.[4]
Accordingly, I am of the opinion that section 20 of the North Brevard County Hospital District's enabling legislation does not require the district board to approve the terms and conditions of any employment agreement adopted by the support corporation if district support is not provided to fund such employment agreement.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 28924, Laws of Florida (1953), as amended.
[2] Section 20(2)(g)2.c., Ch. 28924, Laws of Florida (1953), as amended by Ch. 91-339, Laws of Florida.
[3] Section 20(2)(c), Ch. 28924, Laws of Florida (1953), as amended by Ch. 91-339, Laws of Florida.
[4] Section 20(2)(f), Ch. 28924, Laws of Florida (1953), as amended by Ch. 91-339, Laws of Florida. And see, s. 20(2)(e), Ch. 28924, Laws of Florida (1953), as amended by Ch. 91-339, Laws of Florida, stating that the support corporation shall, at least annually, present a report to the Titusville city council and to the District One county commissioner of the Brevard County Commissioners as to its activities.